{¶ 25} I dissent for several reasons. First, equitable subrogation is a doctrine that deals with substituting priorities, not creating an interest in property where none exists. ABN already has a priority position by virtue of its mortgage, which it recorded on June 11, 2001. However, that mortgage only covers a one-half interest in the property. The trial court and the majority apply equitable subrogation to allow ABN, whose mortgage does not apply to Mrs. Heidari's one-half interest, to step into the shoes of a prior lender, whose satisfied mortgage had attached to the entire interest in the property. Thus, they use equitable subrogation to create interest in property where none exists, rather than for its recognized purpose of substituting priorities. Reformation may have been appropriate, but equitable subrogation was not.
 {¶ 26} Moreover, even assuming that the doctrine may be used for this purpose, the equities in this case prevent its application. Essentially, the doctrine of equitable subrogation is a theory of unjust enrichment. Ridge Tool Co. v. Silva (1986), 33 Ohio App.3d 260, 261. It is designed to prevent fraud and provide relief from mistakes. StateDept. of Taxation v. Jones (1980), 61 Ohio St.2d 99, 102. Whether a party is entitled to relief by equitable subrogation depends upon the facts and circumstances to the particular case. Id. A party's equity must be strong and his case clear in order for him to be entitled to such relief. Id. Generally, subrogation will not be allowed if the rights of an intervening lien holder, such as a bona fide purchaser without notice, would be prejudiced.
 {¶ 27} In its answer to Milton Bank's complaint, ABN claimed that its mortgage constituted a first lien on an undivided one-half interest in the real estate. The answer does not make a claim for equitable subrogation. In fact, equitable subrogation first appears in ABN's motion for summary judgment. Mrs. Calhoun purchased Milton Bank's interest after ABN filed its answer and before the motion for summary judgment. According to her affidavit, she relied on ABN's claim to a lien on an undivided one-half interest in the property in doing so. Clearly, the equities in favor of ABN are not strong and clear. Nor is there any indication of fraud on Mrs. Calhoun's part.
 {¶ 28} Finally, neither the trial court nor the majority have expressly considered the prejudice to the other lien holders. Mrs. Calhoun's affidavit, at a minimum, creates a question of fact concerning prejudice in light of her reliance upon ABN's answer, which only claimed a one-half interest in the property. Equitable subrogation should not be applied if the rights of "an intervening lienholder", such as a bona fide purchase without notice, would be prejudiced.
 {¶ 29} Thus, I dissent.